**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 11-89-1 |
| | : | |
| JAMES BERNARD ARMSTRONG, JR. | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                              **May 15, 2012**

   James Bernard Armstrong, Jr. is charged with criminal conspiracy to distribute

controlled substances, possession with intent to distribute controlled substances, and the

illegal possession of a firearm in furtherance of a drug trafficking crime.  During a

consent search of his home, agents of the Drug Enforcement Administration seized two

computers.  Pending before the Court are two motions pertaining to the search of the

computers: the Government's motion for authorization to search computers and

Defendant Armstrong's motion to strike the Government's motion for authorization to

search computers.  For the following reasons, I will grant the Government's motion for

authorization and deny the defendant's motion to strike.

**I.  BACKGROUND**

   On March 16, 2011, the grand jury returned an indictment charging Armstrong

with drug-related offenses.  Armstrong was arrested on March 21, 2011.  During a

consent search of Armstrong's home on March 23, 2011, agents of the Drug Enforcement

Administration seized two Dell laptop computers.  The computers were transported to the

DEA office in Harrisburg, Pennsylvania.  Almost one year later, the grand jury returned a

superseding indictment that increased the drug quantity attributable to the defendant and added a count of possession of firearms in furtherance of drug trafficking.

During the week of March 12, 2012, the Government submitted an application for a search warrant for the two computers that were seized during the initial consent search. Magistrate Judge J. Andrew Smyser declined the search warrant application, in part, because the search pertained to a case that had been assigned to this Court and the trial date scheduled at that time was imminent.  The Magistrate Judge indicated that he believed the request for authorization to search computers should be reviewed by this Court.  The Magistrate Judge also expressed concern about some aspects of the information set forth in the accompanying affidavit that he believed had not properly been addressed.

There are now two motions pending before the Court: the Government's motion for authorization to search computers and Defendant Armstrong's motion to strike the Government's motion for authorization to search computers.  During a telephone conference with the parties, the Government acknowledged that it was not relying on the original consent given by Armstrong to search his residence as authorization to search the computers, and instead, the Government contends there is probable cause for this Court to authorize a search of the computers.

## II.    DISCUSSION

For purposes of the Fourth Amendment requirement that the issuance of a warrant be based upon probable cause, the term "probable cause" requires only a probability or

substantial chance of criminal activity, not an actual showing of such activity.  The

probable cause necessary to issue a search warrant is defined by the United States

Supreme Court as "a fair probability that contraband or evidence of a crime will be found

in a particular place." New York v. P.J. Video, Inc., 475 U.S. 868, 876 (1986) (quoting

Jones v. United States, 362 U.S. 257, 271 (1960)).  The Supreme Court applies a "totality

of the circumstances" test to determine whether probable cause existed for the issuance of

a search warrant.  Illinois v. Gates, 462 U.S. 213, 238 (1983).

        The affidavit of Special Agent Mark O'Donnell, attached to the Government's

motion, supports a finding of probable cause to authorize a search of both computers.

O'Donnell participated in the consent search of Armstrong's residence on March 23,

2011.  The Agents recovered three scales, consistent with scales used by drug traffickers

to weigh controlled substances prior to distribution.  All three scales contained a white

residue which has since been tested at the DEA lab and found to contain cocaine.  Agents

also found a .40 caliber Smith and Wesson handgun in the same dresser drawer as one of

the scales.  On top of this dresser, agents seized a Dell Latitude C800 laptop computer.  A

second Dell Latitude D620 laptop computer was seized from the basement of the

residence.  Other items seized include a FedEx Airbill and a MoneyGram receipt for

$300.  A subsequent investigation established that the Airbill was for a package of

marijuana.

        O'Donnell's affidavit gives and explanation of the evidence presented to the grand

jury as the basis for the initial indictment.  The evidence presented included information

regarding numerous FedEx packages containing multiple amounts of marijuana.  The

FedEx packages were sent from California to various addresses in Central Pennsylvania

and elsewhere.  The FedEx packages were sent to a fictitious person at the Central

Pennsylvania addresses.  The recipient would then transfer the package directly to

Armstrong or another individual working with Armstrong.  This information is supported

by the seizures by law enforcement of marijuana from FedEx packages, documentary

evidence of FedEx records, phone records and a number of cooperating witnesses who

identified Armstrong as the individual who ultimately received the packages of

marijuana.  The investigation also revealed that Armstrong distributed large quantities of

cocaine after cocaine was seized from a co-conspirator immediately after the co-

conspirator met with Armstrong.  The co-conspirator informed O'Donnell that the co-

conspirator received the cocaine from Armstrong on a regular basis for at least 2 years.

Based on O'Donnell's training, experience, and participation, he has reason to

believe that drug traffickers often have digital photographs and videos that depict drug

trafficking stored in their computers, drug traffickers commonly maintain names,

addresses, email addresses and telephone numbers of their associates in their computers,

and drug traffickers maintain computerized records, receipts, diaries, notes and ledgers

related to drug activity on their computers.  Furthermore, it is common for drug

traffickers to use computers to send emails to communicate with other associates and use

commercial carriers, such as FedEx, to transport narcotics.

There is no question that the affidavit of Special Agent O'Donnell supports a

4

finding of probable cause.  The affidavit provides a factual basis to support a finding of probable cause because O'Donnell observed significant evidence of drug activity and his affidavit specifically lists the evidence that gave rise to the charges in the superseding indictment.  O'Donnell's experience, training, and participation in other drug investigations gives the court reason to believe that there is a fair probability that contraband or evidence of the crimes in Counts I and II of the superseding indictment will be found on the two computers seized from Defendant Armstrong's residence.  This evidence may include: computerized records (including stored contacts, names, phone numbers, direct connect numbers, ledgers, notes, FedEx records, emails and email addresses); historical website data, date book information; digital photographs and videos; and other items of information the trafficker used in furtherance of their distribution of controlled substances.

The fact that an earlier application was presented to a Magistrate Judge is not dispositive, particularly because the Magistrate Judge was concerned about the timing of the warrant in light of the imminent trial.  Although the timing of the request for authorization, almost one year after the initial seizure of the laptops, is of concern, I am willing to accept the Government's representation that it did not immediately request an authorization to search the computers because it believed Armstrong intended to cooperate with the Government and plead guilty.

**III.    CONCLUSION**

Based on the foregoing, I find that there is probable cause to conduct a forensic analysis of the two computers specifically described in the affidavit for evidence of drug trafficking in violation of 21 U.S.C. §§ 841 and 846.  The Government shall conduct the search in accordance with the limitations of my Order.  Accordingly, I will grant the Government's motion for authorization and deny the defendant's motion to strike.

An appropriate Order follows.