IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BERNARD ARMSTRONG, JR., | : : : | |
| v. | : : | CIVIL ACTION NO. 15-1520 |
| UNITED STATES OF AMERICA, | : : : : : : : | CRIMINAL ACTION NO. 11-89 |

MEMORANDUM

**STENGEL, C.J.**　　　　　　　　　　　　　　　　　　　April 2, 2018

## I. INTRODUCTION

Petitioner James Armstrong Jr. requests leave to amend his pro se petition with a counseled petition for relief under 28 U.S.C. § 2255. Mr. Armstrong's original petition was timely filed on August 4, 2015. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations expired on June 1, 2016. Therefore, the claims in Mr. Armstrong's amended, counseled petition must "relate back" to the claims in his original petition in order for a court to consider them, pursuant to Federal Rule of Civil Procedure 15.

Mr. Armstrong's motion for leave to amend includes several claims that relate back to his original petition and several that do not. The discussion below

1

analyzes which claims relate back (and may proceed to briefing) and which do not (and may not proceed).

## II. BACKGROUND AND PROCEDURAL HISTORY

Mr. Armstrong requests leave to amend his pro se § 2255 petition with a counseled petition. (Doc No. 178.) On September 4, 2012, a jury found the petitioner guilty of several drug charges and of possession of a firearm in furtherance of drug trafficking. (Doc. No. 101.) He was sentenced to 15 years in prison. (Doc. No. 178 ¶ 8.) Mr. Armstrong subsequently appealed his conviction and sentence, and on January 26, 2015, the Third Circuit affirmed the judgment against him. (Doc. Nos. 137, 154.)

On August 4, 2015, Mr. Armstrong filed a pro se § 2255 petition setting forth seven grounds for relief. (Doc No. 156.) The government filed its response on October 16, 2015. (Doc. No. 164.) On September 8, 2016, I appointed a federal defender to represent Mr. Armstrong, stating that the appointment was to submit "a counseled petition for writ of *habeas corpus* pursuant to § 2255." (Doc. No. 168.) Due to a conflict of interest with the federal defender, I appointed Mr. Armstrong's current counsel on October 25, 2016. (Doc. No. 170.) On October 27, 2016, after a telephone conference, I granted Mr. Armstrong's request to file a motion for leave to file a counseled, amended § 2255 petition. (Doc. No. 172.)

Mr. Armstrong filed his motion for leave to amend and his supporting brief

on March 2, 2017.[1] (Doc. Nos. 178, 179.) On April 20, 2017, the government filed its response. (Doc. No. 181.) The petitioner filed his reply on May 4, 2017. (Doc. No.182.) In his motion for leave to amend, Mr. Armstrong argues that amendment is necessary "to adequately and fully assert all the grounds upon which his § 2255 Motion should be granted." (Doc. No. 178 ¶ 22.)

## III. LEGAL STANDARD

Under § 2255, a petitioner has one year from the date his conviction becomes final to file a petition for a writ of habeas corpus challenging the validity of his sentence. § 2255(a), (f)(1). A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." § 2242. Under Federal Rule of Civil Procedure 15, a court may grant leave to amend a pleading "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(c)(1) permits amendment to a pleading after the statute of limitations has expired when the amended pleading "relates back" to the original pleading—in other words, when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1); see also Mayle v. Felix, 545 U.S. 644, 655 (2005) (stating that the "original pleading" is the petition in a habeas

---

[1] Mr. Armstrong noted that his brief serves the limited purpose of justifying leave to amend and that he plans on filing a more detailed brief if I grant leave to amend. (Doc. No. 179, at 4 n.1.) Therefore, as set forth in the order accompanying this memorandum, I am permitting Mr. Armstrong 30 days to amend his petition, and the government as 30 days to respond.

3

proceeding).

In Mayle, the Supreme Court noted that the "key words" of Rule 15 are "conduct, transaction, or occurrence." 545 U.S. at 656. The claims in an amended habeas petition concern the same "conduct, transaction, or occurrence" as the claims in the original petition, and relate back to that petition, when they "are tied to a common core of operative facts." Id. at 650, 653, 664 (rejecting as too broad the Ninth Circuit's holding that a "transaction" was the defendant's "trial and conviction in state court"); Hodge v. United States, 554 F.3d 372, 378 (3d Cir. 2009) (applying Mayle and holding that an ineffective assistance claim in an amended petition and a right to appeal claim in an original petition were "tied to a common core of operative facts" because both concerned counsel's same "erroneous advice"). An amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650.

## IV. DISCUSSION

Mr. Armstrong may file a counseled § 2255 petition to the extent that its claims relate back to his pro se petition. As set forth below, the claims in subsections B, C, G, and H, may proceed because they relate back to the original petition, and the claims in subsections A, D, E, and F may not proceed because they do not relate back.

The parties do not dispute that the limitations period began running on June 1, 2015 (when the U.S. Supreme Court denied certiorari), setting the AEDPA

4

deadline for new claims at June 1, 2016. (Doc. No. 181, at 7.) Mr. Armstrong timely filed his pro se § 2255 motion on August 4, 2015. (Doc. No. 156.) Any amendments made to his motion after June 1, 2016 must relate back to the original in order for a court to consider them. See Fed. R. Civ. P. 15(c)(1); Mayle, 545 U.S. at 650.

Mr. Armstrong argues that all of the claims in his motion for leave to amend his § 2255 motion relate back to his original pro se motion. (Doc. No. 178, ¶ 29.) The government contends that certain claims do not. (Doc. No. 181, at 3, 7–8.) Mr. Armstrong additionally argues that his motion for leave to amend should be granted based on my October 27, 2016 order, which was filed after the AEDPA deadline and called for a counseled, amended § 2255 petition.[2] (Doc. No. 179, at 5.) However, a counseled petition facilitates resolution of the case by clarifying the claims set forth in the original petition and/or adding claims that are rooted in the same core facts as the original claims. In the following subsections, I will analyze whether each claim within the petitioner's motion for leave to amend his habeas petition relates back to his original petition.[3]

### A. *Trial Counsel's Allegedly Deficient Pro Hac Vice Admission*

Mr. Armstrong's claim that his trial attorney was ineffective because he failed to follow proper procedures for pro hac vice admission does not relate back

---

[2] The order stated that "counsel for the petitioner may file a motion for leave to file an amended petition for writ of habeas corpus under 28 U.S.C. § 2255." (Doc. No. 172.)
[3] To facilitate clear communication among the parties and the court, the lettering of this discussion maps onto Mr. Armstrong's lettering in his brief (Doc. No. 179).

5

to his original pro se petition and is therefore barred by AEDPA's one-year statute of limitations. Mr. Armstrong argues that this ineffective assistance of counsel claim is "based entirely on the same core set of operative facts" as his original petition. (Doc. No. 179, at 8.) He does not elaborate on what constitutes that "core set" of facts—and nothing in Mr. Armstrong's pro se § 2255 motion provides a basis for relation back. (See Doc. No 179, at 8; Doc. No. 156.) Therefore, I agree with the government that the existence of an ineffectiveness allegation in an original petition, without more, does not constitute a "common core of operative facts." (Doc. No. 181, at 10.) See Hodge, 554 F.3d at 378 ("*Mayle* forecloses the relation back of a new, untimely claim when it is 'supported by facts that differ in both time and type from those the original pleading set forth.'") (quoting Mayle, 545 U.S. at 650.).

### B. *Trial Counsel's Deficient Advice Regarding Plea Agreement*

In his request to amend, Mr. Armstrong claims that his trial counsel was ineffective for failing to advise him "of his possible sentencing exposure, the applicability of the safety valve, or even how the Federal Sentencing Guidelines applied to him." (Doc. No. 179, at 10.) In his original, pro se § 2255 petition, Mr. Armstrong alleged ineffective assistance of counsel for the same or similar alleged errors in communication at the plea phase. (Doc. No. 156, at 9; Doc. No. 157, at 33–36.)

The government acknowledges that this claim "should likely be allowed to proceed to briefing." (Doc. No. 181, at 11.) I agree with the parties that this claim

6

arises from the same "common core of operative facts" as the original petition and can proceed in a counseled amended petition. See Mayle, 545 U.S. at 650.

## C. *Trial Counsel's Deficient Advice Regarding Application of the Sentencing Guidelines*

This claim is largely intertwined with the claim in subsection B; it relates to the communication between trial counsel and Mr. Armstrong regarding whether to accept a plea deal or proceed to trial. For the reasons stated above, this claim satisfies Mayle's relation back standard and should be permitted to proceed.

## D. *Trial Counsel's Failure to Request Cautionary Instruction Regarding Guilty Plea of Co-Conspirator*

Mr. Armstrong claims that his trial counsel was ineffective for not requesting a cautionary instruction from the court after Mr. Armstrong's co-conspirator testified that he had pled guilty to the same charges that were before the jury. (Doc. No 179, at 13.) A cautionary instruction would have advised the jury that they could not use the co-conspirator's guilty plea against Mr. Armstrong. (Id.) The government argues that in Mr. Armstrong's original petition, he "took no issue with any failure to seek a particular jury instruction, and to the extent he discussed [the co-conspirator] at all, it was in different contexts." (Doc. No. 181, at 12.) Therefore, the government argues, this claim does not meet the standard for relation back articulated in Mayle. (Id. at 13.) See Mayle, 545 U.S. at 650 (stating that claims in an amended habeas petition do not relate back when their underlying facts "differ in both time and type" from those in the original

7

petition).

Mr. Armstrong's original petition does not make any allegations based on facts that relate, in time or in type, to his allegation that trial counsel was ineffective for failing to request a cautionary instruction based on his co-conspirator's testimony. Therefore, this claim does not relate back to Mr. Armstrong's original petition and may not proceed in an amended petition.

### E. *Trial Counsel's Failure to Object to Hearsay Evidence Regarding the Nature and Weight of Drugs Seized*

Mr. Armstrong claims that his Sixth Amendment right to confront witnesses against him was violated when trial counsel "failed to object to the introduction of the hearsay evidence of the various lab/chemist's reports of the drugs seized and the weights." (Doc. No. 179, at 14 (capitalization altered).) The government argues that "[w]hile Armstrong did raise the claims that his indictment was constructively amended with regard to the type of drug at issue in his case, and complained about testimony provided by government witness Agent O'Donnell regarding drug amounts, those complaints are separate and distinct in both time and type from the new confrontation issues pertaining to the chemist's report." (Doc. No. 181, at 14.) I agree and find that this claim does not relate back to Mr. Armstrong's original petition.

### F. Trial Counsel's Failure to Object to Agent Cook's Testimony on Drug Trafficking

Mr. Armstrong does not point to the factual basis in his original petition to which this claim relates back, and I cannot find such a basis. Therefore, this claim may not proceed.

### G. Trial Counsel's Failure to Object to Agent O'Donnell's Testimony and/or Request a Cautionary Instruction

Mr. Armstrong claims that "trial counsel was ineffective for failing to object to Agent O'Donnell's testimony and/or request an appropriate cautionary instruction . . . ." (Doc. No. 179, at 14.) In his original petition, Mr. Armstrong raised similar issues based on similar facts involving Mr. O'Donnell's testimony. (Doc. No. 157, at 26–28.) Therefore, I recommend finding that Mr. Armstrong can proceed with this claim, to the extent that it relates back under Mayle.

### H. Ineffective Assistance Based on Cumulative Claims

Mr. Armstrong claims that his trial counsel was ineffective based on the "cumulative errors" at trial. (Doc. No. 179, at 15–16.) This claim may proceed to the extent that it is based on claims that relate back to the original petition.

### I. Equitable Tolling

Mr. Armstrong argues in his reply brief that equitable tolling should apply in order to extend the AEDPA statute of limitations in this case. (Doc. No. 182, at 3 (citing Holland v. Florida, 560 U.S. 631 (2010); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616 (3d Cir. 1998)).) A petitioner is entitled to

9

equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649. Diligence means "reasonable diligence." Id. at 653. The "extraordinary circumstances" prong was satisfied in Holland where an attorney failed to file his client's habeas petition on time, failed to answer his clients' timely letters instructing him of relevant deadlines, failed to research the important filing deadlines, and failed to communicate with his client for years. Id. at 651.

In Holland, unlike in Mr. Armstrong's case, the attorney's wrongdoing completely prevented his client from filing a habeas petition before the AEDPA deadline. Here, the circumstances are far less extraordinary because Mr. Armstrong already timely filed a habeas petition and because petitioners are not entitled to counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1990). Therefore, despite whether Mr. Armstrong has been reasonably diligent in pursuing his claims, I recommend finding that this case does not meet the "extraordinary circumstances" prong required for equitable tolling.

In summary, the claims described in subsections B, C, G, and H may proceed to further briefing in an amended § 2255 petition because they relate back to the original petition, whereas the claims described in subsections A, D, E, and F may not proceed because they do not relate back to the original petition. Therefore, Mr. Armstrong may file an amended § 2255 petition, inclusive of all

permitted claims for which he requests review, in accordance with this opinion and corresponding order.[4]

An appropriate order follows.

---

[4] I note for clarity that this memorandum addresses only the relation back of Mr. Armstrong's claims to be included in his amended petition. It is not an examination of the merits of these claims.